SaraEllen Hutchison (AK Bar No. 0511115)
LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone:    206-529-5195
Facsimile:     253-302-8486
Email: saraellen@saraellenhutchison.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHRISTY BERG,<br><br>              Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A., EQUIFAX INFORMATION SERVICES LLC, A GEORGIA LIMITED LIABILITY COMPANY, EXPERIAN INFORMATION SOLUTIONS, INC., AN OHIO CORPORATION, AND TRANS UNION LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>              Defendants. | Case No.: 3:23-cv-00182-HRH<br><br>**COMPLAINT WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of CITIBANK, N.A., EQUIFAX INFORMATION SERVICES LLC, a Georgia Limited Liability Company, EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation, and TRANS UNION LLC, a Delaware Limited Liability Company (collectively "Defendants") violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

3. Jurisdiction and Venue in the United States District Court, District of Alaska, are appropriate where this dispute involves federal law, where all acts at issue and described herein occurred in this district, where the injury to Plaintiff occurred in this district, and where Plaintiff is a resident of this district. 15 U.S.C. §1681; 28 U.S.C. §1391(b); 28 U.S.C. §1331.

## PARTIES

4. Plaintiff, Christy Berg (hereinafter "Plaintiff"), is a natural person who resides in the city of Soldotna, State of Alaska, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, CITIBANK, N.A., (hereinafter "Citibank") is a national bank that conducts business in the State of Alaska and has a principal place of business in New York. Citibank engages in the practice of furnishing consumer information to consumer reporting agencies and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b). Citibank is a "person" as defined in 15 U.S.C. § 1681a(b).

6. Defendants, EQUIFAX INFORMATION SERVICES, LLC, ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") and TRANS UNION LLC ("Trans Union"), (collectively "CRA Defendants") are "credit reporting agencies" as defined by the FCRA, 15 U.S.C. §1681a(f).

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

7. CRA Defendants are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

8. CRA Defendants disburse such consumer reports to third parties under contract for monetary compensation.

## PURPOSE OF THE FAIR CREDIT REPORTING ACT

9. Consumer credit plays a major role in the lives of American consumers entering into the American marketplace and the economic system in general. Fair and accurate credit reporting acts as a gatekeeper to credit purchases, employment and income, basic commercial services, insurance coverage, housing rentals, and a broad range of other transactions. Robert J. Hobbs & Stephen Gardner, THE PRACTICE OF CONSUMER LAW 39-40 (2nd ed. 2006).

10. Congress investigated and determined that the banking system is dependent upon fair and accurate reporting, that inaccurate credit reports directly impair the efficiency of the banking system, and that unfair credit reporting methods undermine public confidence, which is essential to the continued functioning of the banking system. 15 U.S.C. § 1681(a)(1).

11. The FCRA was created to "ensure fair and accurate credit reporting, promote efficiency, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007).

12. The FCRA was proposed in 1968 as an amendment to the original Truth in Lending

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

Act. Senator Proxmire (D-WI) announced his intention to create legislation addressing the growing frequency of cases in which a consumer "is unjustly denied because of *faults or incomplete information in a credit report*," and entered an initial draft of what would eventually become the FCRA into the Congressional Record. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 114 Cong. Rec. 24904 (Aug. 2, 1968)) (emphasis added).

13. Senator Proxmire listed five types of abuses requiring Congressional response, including biased or one-sided information and incomplete information. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 115 Cong. Rec. 2411 (Jan. 31, 1969)).

14. Congress considered inaccurate and misleading information to be the most serious problem. Anthony Rodriguez et al., FAIR CREDIT REPORTING 10 (5th ed. 2002).

15. The FCRA applies to situations in which information relevant to a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" is collected. Anthony Rodriguez et al., FAIR CREDIT REPORTING 5 (5th ed. 2002) (citing 15 U.S.C. § 1681a(d)).

16. An inaccurate or misleading credit report can not only significantly and unfairly lower a consumer's credit worthiness but can also prevent consumers from full access to the American marketplace and negatively impact a consumer's living standard and general reputation on the whole if a consumer's character and mode of living is not accurately portrayed. Congress enacted the FCRA to prevent this

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

arbitrary and iniquitous result.

17. Furthermore, in 1996, Congress, in an effort to increase the "accuracy and integrity" of information supplied to credit reporting agencies, added 15 U.S.C. § 1681s-2 to the FCRA by passing the Consumer Credit Reform Act. The provision, "[r]esponsibilities of furnishers of information to consumer reporting agencies," subjected data furnishers, who were not previously covered by the FCRA, to requirements related to accuracy and the handling of consumer disputes. These provisions were originally scheduled to sunset in 2003 but were considered important enough to Congress to be made permanent in the Fair and Accurate Credit Transactions Act of 2003. (Federal Trade Commission Staff: 40 Years of Experience with the Fair Credit Reporting Act, pp. 1, 2, 92. Retrieved from the FTC website: http://www.ftc.gov/os/2011/07/110720fcrareport.pdf).

## FACTUAL ALLEGATIONS

18. Plaintiff is a widow, and is unsophisticated regarding finance and credit reporting.

19. Plaintiff has had a Costco Anywhere Visa, Citibank account *6802, since 2006.

20. In the summer of 2022, a few months after her husband died, Plaintiff was a victim of identity theft involving Citibank account *6802.

21. Plaintiff became aware in mid-August 2022 that her card ending in *6802 was being used by thieves in New York and New Jersey who were making purchases using *6802 that Plaintiff did not initiate or authorize.

22. Plaintiff has never been to New York or New Jersey.

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

23. Citibank itself sent Plaintiff multiple letters stating that there was suspicious activity on her account *6802.

24. Around the same time, Plaintiff began receiving letters from other banks stating that she needed to "provide more information" to complete applications.

25. Other applications indicated that the fraudsters were denied because of the number of credit inquiries.

26. Plaintiff did not open or authorize the opening of these other accounts.

## FACTUAL ALLEGATIONS SPECIFIC TO CITIBANK

27. Around October 1, 2022, Plaintiff telephoned Citibank in response to Citibank's letters and confirmed that the New York and New Jersey transactions on account *6802 were not authorized or initiated by her.

28. Citibank advised Plaintiff to contact the CRA Defendants to request a security freeze and fraud alert on her credit files.

29. Citibank was otherwise uninstructive.

30. Thereafter, fraudulent charges continued to post to *6802.

31. Plaintiff telephoned Citibank again and was told that a new card would be sent to her along with a letter.

32.  Around October 8, 2022, Plaintiff received a letter from Citibank, without a new credit card.

33. Plaintiff telephoned Citibank two more times and was told she would be sent a new credit card, but Citibank did not issue Plaintiff a new card.

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

34. Plaintiff trusted Citibank and did not know what else to do other than continue to contact Citibank and explain that she is a victim of fraud.

35. Plaintiff telephoned Citibank over a dozen times to dispute the fraudulent charges, but Citibank failed or refused to reverse the charges.

36. On November 20, 2023, Plaintiff's application for an Alaska Airlines Visa was declined due to excessive [fraudulent] inquiries on her credit files.

37. By December 2022, Citibank had stopped mailing Plaintiff statements, and Plaintiff was only able to receive information about *6802 via email.

38. Citibank began reporting Plaintiff's account as derogatory to the CRA Defendants.

39. Plaintiff's credit score went from over 830 to under 630 in three months.

40. Plaintiff paid only the portion attributable to her, and did not pay the portion comprised of fraudulent charges.

41. Around January 18, 2023, Plaintiff closed her Citibank card and told Citibank why.

42. Plaintiff returned from a trip during the month of February 2023 to find letters from Citibank demanding payment.

43. Plaintiff telephoned Citbank four more times to dispute the fraud, to no avail.

44. Plaintiff even had her adult son telephone Citibank to try to assist.

45. Citibank finally began a fraud investigation, but found in its own favor and/or in favor of the identity thieves, and is holding Plaintiff responsible a charged-off sum reflecting charges she did not authorize or initiate.

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

46. Plaintiff reported the matter to the Soldotna police, but because the criminals were located in other states, the Soldotna police declined to do anything.

47. Plaintiff attempted to report the crime to the NYPD and the FBI but did not hear anything back.

48. Finally, in a letter dated June 1, 2023, Citibank notified Plaintiff that it was crediting her $2,698.94 plus $277.97 in interest.

49. Citibank to this day continues to hold Plaintiff responsible for over $1,600 and continues to report her as past due.

50. Citibank has sent Plaintiff's account to ARS, a third-party debt collector.

51. In the summer of 2023, after months of asking Citibank to admit the charges were fraud, Plaintiff sent written disputes to the CRA Defendants disputing the inaccurate and fraudulent information on her consumer reports pursuant to 15 U.S.C. 1681i.

52. Thereafter the CRAs forwarded Plaintiff's dispute information to Citibank for investigation as required by 15 U.S.C. § 1681i(a)(2).

53. Citibank failed to conduct a reasonable investigation and verified the fraudulent past due account balance of *6802 as accurate in violation of 15 U.S.C. 1681s-2(b).

54. As a result of Citibank's inaccurate and malicious reporting to the credit reporting agencies that Plaintiff's account was charged off and that she refused to make payments for several months, Plaintiff has suffered a reduced credit score and profile, emotional distress, embarrassment, frustration, loss of time in multiple and

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

repeated communications disputing the Citibank account, a distraction from her personal and family life, loss of sleep, and anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

55. Plaintiff is entitled to attorney's fees and costs from Citibank pursuant to 15 U.S.C. § 1681o(a)(2) and § 1681n.

56. Plaintiff worked for a good credit report/score for fifty years and now feels like fifty years of her good credit history is wiped out.

## FACTUAL ALLEGATIONS SPECIFIC TO CRA DEFENDANTS

57. Plaintiff disputed the balance and status of *6802 to the CRA Defendants, enclosing a copy of her Soldotna Police report and FBI IC3 report (both made under penalty of perjury for making a false report), copies of the notices from other banks flagging fraudulent activity, and a cover letter explaining that the balance reflected fraudulent transactions not authorized or initiated by Plaintiff.

58. CRA Defendants forwarded Plaintiff's dispute information to Citibank, and Citibank falsely verified that its reporting of *6802 was accurate.

59. CRA Defendants merely parroted what Citibank told CRA Defendants.

60. CRA Defendants violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

61. CRA Defendants violated 15 U.S.C. §1681c-2 by failing to delete and block information in Plaintiff's credit file that was a result of identity theft after Plaintiff disputed and provided CRA Defendants with notice that it was a result of identity theft, wherein Plaintiff enclosed proof of Plaintiff's identity, an explanation that the identity theft information was not related to an account or transaction Plaintiff initiated, and a copy of a qualified identity theft report to law enforcement made under penalty of perjury and at risk of prosecution if the report was false.

62. CRA Defendants also violated 15 U.S.C. §1681c-2 by failing to notify the furnisher of the identity theft information that the information was a result of identity theft, that an identity theft report had been filed, that the information had been blocked, and the dates of the block.

63. And finally, CRA Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files that CRA Defendants published and maintain concerning Plaintiff.

64. As a result of the CRA Defendants' inaccurate and malicious reporting that Plaintiff's Citibank card had a derogatory status and that she refused to make payments for several months, Plaintiff has suffered a reduced credit score and profile, emotional distress, embarrassment, frustration, loss of time and money in conducting his dispute communications, a distraction from work, loss of sleep, and

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

65. Plaintiff is entitled to attorney's fees and costs from CRA Defendants pursuant to 15 U.S.C. § 1681o(a)(2) and § 1681n.

## **TRIAL BY JURY**

66. Plaintiff is entitled to, and hereby demands, a trial by jury.  US Const. amend. VII; Fed. R. Civ. P. 38.

## **CAUSES OF ACTION**
### **COUNT I.**
## **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT –**
### **15 U.S.C. § 1681s-2(b) (as to Citibank)**

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Citibank violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it and documentation provided by Plaintiff, and failing to update and/or remove the inaccurate tradeline, or, in the alternative, failed to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Codes) Code to "XB."

69. As a result of Citibank's violations of the FCRA, Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to her credit rating,

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

70. Citibank's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. Alternatively, Citibank's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

72. Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorneys' fees from Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT –
## 15 U.S.C. § 1681e(b) (as to CRA Defendants)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. CRA Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files CRA Defendants published and maintain concerning Plaintiff.

75. As a result of this conduct, action and inaction of CRA Defendants, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seek damages in an amount to be determined by the jury.

76. CRA Defendants' conduct, action and inaction were willful, rendering CRA Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

77. In the alternative, CRA Defendants were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

78. Plaintiff is entitled to recover costs and attorneys' fees from CRA Defendants pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT III.
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT –
### 15 U.S.C. § 1681i (as to CRA Defendants)

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. CRA Defendants violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

81. As a result of this conduct, action and inaction of CRA Defendants, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seek damages in an amount to be determined by the jury.

82. CRA Defendants' conduct, action and inaction were willful, rendering CRA Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

83. In the alternative, CRA Defendants were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

84. Plaintiff is entitled to recover costs and attorneys' fees from CRA Defendants pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT –
## 15 U.S.C. § 1681c-2 (as to CRA Defendants)

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. CRA Defendants violated 15 U.S.C. §1681c-2 by failing to delete and block information in Plaintiff's credit file that was a result of identity theft after Plaintiff disputed and provided CRA Defendants with notice that it was a result of identity theft, wherein Plaintiff enclosed proof of Plaintiff's identity, an explanation that the identity theft information was not related to an account or transaction Plaintiff initiated, and a copy of a qualified identity theft report to law enforcement made under penalty of perjury and at risk of prosecution if the report was false.

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

87. CRA Defendants also violated 15 U.S.C. §1681c-2 by failing to notify the furnisher of the identity theft information that the information was a result of identity theft, that an identity theft report had been filed, that the information had been blocked, and the dates of the block.

88. As a result of this conduct, action and inaction of CRA Defendants, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seek damages in an amount to be determined by the jury.

89. CRA Defendants' conduct, action and inaction were willful, rendering CRA Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

90. In the alternative, CRA Defendants were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

91. Plaintiff is entitled to recover costs and attorneys' fees from CRA Defendants pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- actual, statutory, and punitive damages, and costs and attorneys' fees for Defendants' violations of the FCRA, pursuant to 15 U.S.C §§ 1681n and 1681o, in an amount to be determined at trial; and

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER:

- for such other and further relief as the Court may deem just and proper.

Dated this <u>14</u><sup>th</sup> day of August, 2023 at Tacoma, Washington.

Respectfully submitted,

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (AK Bar No. 0511115)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
E-mail: saraellen@saraellenhutchison.com

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486
saraellen@saraellenhutchison.com

COMPLAINT WITH JURY TRIAL DEMANDED
CASE NUMBER: